SAMUEL, Judge.
This is an appeal by the mother from a judgment changing custody of a 3'A year old minor from herself to the father. The facts, in chronological order, are as follows:
On March 7, 1977 the husband filed a petition for separation. Judgment of separation was rendered by default in his favor on March 28,1977. The judgment awarded the wife custody of the child and $50 semimonthly for child support. Shortly thereafter the wife moved to Florida, leaving the child in New Orleans in the father’s care.
Six months later the father filed a petition for a change in custody and requested the appointment of a curator to represent the absent mother. After this pleading had been filed, but before the curator had been served, the mother returned to Louisiana, ostensibly to visit the child, and took the child with her to Florida.
The curator filed a general denial and an exception to the jurisdiction, whereupon the father went to Florida and returned to Louisiana with the child. Following trial, on May 8, 1978, judgment was rendered granting the father temporary custody. On May 12, 1978 a further hearing was held at which the mother personally appeared. Following this hearing, there was judgment incorporating the provisions of the May 8, 1978 judgment with regard to the temporary custody, granting visitation rights to the mother, ordering the mother not to remove the child from the home of her father (the maternal grandfather’s home) except for medical purposes, and the matter was continued to June 23, 1978.
The curator then applied to this court for writs on the question of jurisdiction. Writs were refused on the ground that the petition for change of custody had been filed while the child was still in Louisiana and the wife’s action in taking the child to Florida did not deprive the Louisiana court of jurisdiction.
The curator then applied to the Supreme Court for writs which were granted with an order directing the trial judge to set the matter for immediate hearing. 365 So.2d 822. Pursuant to this order, on February 22, 1979 the mother appeared and informed the court she could not afford an attorney here. She told the court she had engaged an attorney in Florida, who had filed a petition for divorce and a request for custody in that state, and that if she were awarded custody by the Louisiana court she would take the child to Florida where she was currently residing.
Concluding it could not conduct a hearing if the mother was not represented by counsel,[1] the court continued the custody granted to the husband and ordered immediate visitation rights to the mother at the home of her parents. A written judgment to this effect was signed on April 19, 1979, awarding the father “the care, custody and control of the minor”, ordered the domicile to be maintained at all times within the jurisdiction of the Civil District Court, the minor not to be removed from Orleans Parish *117 without prior court approval, and gave immediate visitation rights to the mother whenever she was able to return to New Orleans. The mother was specifically ordered not to remove the child from the jurisdiction of the court or from the premises where visitation was to take place.[2] No appeal was taken from this judgment.
On October 24, 1979, the divorced wife,[3] now remarried and living in Louisiana, filed a “Rule to Annul Temporary Order of Custody”. The husband then filed an answer in opposition and, on December 14,1979, the matter came to trial. The judgment appealed from was signed December 21, 1979. It is in favor of the father “maintaining his ‘Answer in Opposition to Rule to Annul Temporary Order of Custody’ ”, and against the mother “dismissing her rule to ‘Annul Temporary Order of Custody’, the court finding that the judgment granting the custody, care and control of the minor Renee Espenan, to Roger A. Espenan on April 19, 1979, is valid and in full force and effect.”
The wife has appealed from this judgment. In this court she contends: (1) The father forcefully abducted the child from Florida and returned to Louisiana in order to obtain jurisdiction of this court; and (2) she has remarried, now lives in Louisiana, and temporary custody granted to the husband is no longer necessary.
We do not agree with appellant’s first contention. It is clear the mother chose to go to Florida and voluntarily left the child for an extended period in Louisiana with the father. As the Louisiana court had jurisdiction over both litigants in the separation suit, in which suit it initially granted custody to the mother, and as the petition to change custody was filed while the child was in Louisiana, our courts retained jurisdiction over the matter. There is no evidence to suggest, as argued by the mother, that the child was “kidnapped” by the father in order to obtain jurisdiction in our state, or that the father was “shopping” for a favorable forum.
Nor do we agree with appellant’s second contention. An action of nullity (Code of Civil Procedure Articles 2001, et seq.) can be obtained only on the specific grounds enumerated in those articles and must be sought in an ordinary proceeding and not, as here, by rule. In addition, nullity is not an appropriate remedy in this case. Even if the judgment appealed from is declared null, as requested by appellant, such action would not automatically reinstate the original separation judgment granting custody to her. In any event, in the context of a “final” judgment as contemplated by Code of Civil Procedure Article 2001, custody is always subject to change.
As the title given to their pleadings by litigants is not solely determinative, we could consider appellant’s rule as simply a rule to change custody. But even if we do so, such action would afford her no relief. The record does not contain sufficient evidence to support a reversal of the trial court judgment on this ground.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Her parents also testified at this hearing but their testimony was in response to orders from the court relative to visitation rights which were to take place on that day.

. The curator was discharged and his fee set.

. By a Florida decree silent as to custody.